JOSEPH A. KINE

*v.*

JAMES F. DEFENBAUGH *et al.*

EMINENT DOMAIN—*of the assessment of damages where private property is taken for public use since the adoption of the constitution of* 1870. The statute in force at the adoption of the constitution of 1870 providing for the taking of private property for the purposes of a public road, so far as it authorized the commissioners of highways, or three supervisors of the county, on appeal from the decision of the commissioners, to assess the damages that a party would sustain by reason of the construction of a public road across his premises, was repealed and rendered inoperative by the thirteenth section of Article 2 of that instrument, which provides that "private property shall not be taken or damaged for public use without just compensation," and "such compensation, when not made by the State, shall be ascertained by a jury, as shall be prescribed by law." And the assessment of such damages by the commissioners or supervisors in a proceeding commenced after the adoption of the new constitution, would be void, notwithstanding there was then no mode "prescribed by law" for the ascertainment of the compensation by a jury, as required by the constitution.

APPEAL from the Circuit Court of Livingston county; the Hon. CHARLES H. WOOD, Judge, presiding.

Mr. CHARLES J. BEATTIE, for the appellant.

Messrs. PILLSBURY & LAWRENCE, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This proceeding was originally commenced by the commissioners of highways of the town Reading, for the purpose of laying out and establishing a public road which, when constructed, would pass over certain lands owned by the appellant. From the action of the commissioners laying out the road, the appellant prayed an appeal under the provisions of the statute to three supervisors of the county, who, upon the

hearing, affirmed their action in all things except as to the assessment of damages which the appellant would sustain by reason of the construction of the road across his lands. In this respect the action of the commissioners was reversed, and a new assessment made.

The record of the proceedings was brought before the circuit court on a writ of *certiorari.* On the hearing the court found no error and dismissed the cause.

So far as we are able to discover from an inspection of the record the proceedings establishing the road were all regular and substantially in conformity with the statutes then in force.

The proceedings having been instituted since the adoption of the new constitution, the only question that we deem material to be considered is, whether the commissioners of highways or the supervisors, on appeal, could rightfully assess the damages which the appellant would sustain by reason of the construction of the road across his premises.

The principal inquiry, therefore, is, whether the statute under which the assessment was made is not in conflict with our present constitution, and the assessment for that reason void.

In the 13th section of Article 2, it is provided that : "private property shall not be taken or damaged for public use without just compensation ; such compensation, when not made by the State, shall be ascertained by a jury, as shall be prescribed by law."

The act under which the assessment was made was plainly in conflict with this provision of the constitution, and must be held, so far as it authorizes the commissioners of highways, or the supervisors, on appeal, to assess damages, to have been repealed or rendered inoperative by the adoption of the constitution.

The land of the appellant could not be condemned for public uses until compensation had been made, and it is provided that such compensation shall be ascertained by a jury. It does not militate against this view that there was then no mode "prescribed by law" for ascertaining such compensation

by a jury. It is a constitutional right of which the party may not be debarred either by the action or non-action of the legislature. *The People* v. *McRoberts*, 62 Ill. 38.

The 13th section of the "Bill of Rights" was in force at the time these proceedings were had, and, under its provisions, it was the legal right of the appellant, if the public sought to condemn his property for public uses, to have his damages assessed by a jury. The assessments made by the commissioners of highways, and the supervisors, on appeal, were without authority of law, and therefore void. The town officers could have no lawful right to enter upon the lands of the appellant and appropriate the same to public uses until his damages should have been ascertained according to the law of the land, and such damages paid or tendered to him. It was so held in the case of *The People* v. *McRoberts, supra.*

It is unnecessary to determine whether the statute under which these proceedings were had, made any provision for ascertaining by a jury the damages which the appellant would sustain by the construction of the highway across his premises, for the reason that the legislature, by the act in force August 15, 1872, has provided a mode in which such "just compensation" may be ascertained by a jury. Sec. 55, Session Laws 1872, p. 687.

Neither the commissioners of highways nor the supervisors had any authority under the law to make any assessment of the damages which the appellant would sustain, and their action in that regard was irregular and void, and ought to have been reversed by the circuit court.

The judgment is reversed and the cause remanded.

*Judgment reversed.*