GEORGE CARPENTER

v.

ELISHA C. JENNINGS et al.

1. RIGHT OF WAY—compensation to be made without regard to benefits. Under section 13 of article 2 of the constitution of 1870, the full value of land taken for a public highway must be paid in money, alone, disregarding all benefits and advantages that may result to that portion of the owner's land not taken, by reason of the establishing of the road; and it is not in the power of the legislature to provide otherwise.

2. Where the record of the proceedings by commissioners of highways in laying out a road over a party's land, shows that the jury, in assessing the compensation to be paid the owner, undertook to pay him in part in benefits to his other land by the construction of the road, and not wholly in money, it was *held*, on application for a *certiorari*, that the jury transcended their power, and their action was void, and that it was error to refuse the writ.

APPEAL from the Circuit Court of Sangamon county; the Hon. CHARLES S. ZANE, Judge, presiding.

This was a petition for a writ of *certiorari*, filed by George Carpenter against Elisha C. Jennings and others, commissioners of highways of the town of Springfield, to review their proceedings in laying out a highway.

Messrs. HERNDON & ORENDORFF, for the appellant.

Messrs. HAMILTON & RICE, for the appellees.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a petition filed by appellant, in the circuit court of Sangamon county, for a common law writ of *certiorari*, for the purpose of bringing the record of the proceedings of the commissioners of highways of the town of Springfield, in laying out a public road over appellant's land, for review before the court.

The court denied the prayer of the petition for a writ, and rendered judgment against appellant for costs, and he brings the record here by appeal.

A complete copy of the proceedings of the commissioners of highways in laying out the road was attached to the petition, and made a part thereof, from which it appears that a portion of appellant's land was taken for the road, and no compensation was allowed for the land taken.

Various objections have been urged by appellant to the validity of the proceedings of the commissioners of highways, but in the view we take of the record before us, it will only be necessary to consider one question, as the decision of that will be decisive of the case.

The question is, had the commissioners of highways the right to take and appropriate appellant's land for a public road, without compensation being made for the land taken?

In section 13 of article 2 of the constitution it is declared, that private property shall not be taken or damaged for public use, without just compensation. Such compensation, when not made by the State, shall be ascertained by a jury, as shall be prescribed by law.

This section of the constitution was the supreme law of the State at the time the proceedings were had to condemn appellant's land for a public road.

The land of the citizen can not be taken without compensation being made. The prohibition is absolute.

It was evidently the intent of the framers of the article, and of the people when they ratified it by their votes, that the full value of land taken should be paid in money, alone, disregarding all benefits and advantages that might result to that portion of the owner's land not taken, by reason of the construction of the road.

It was the clear legal right of appellant to be paid for his land taken by the commissioners of highways for the public, of which he could not be deprived by the action of the

commissioners or the verdict of a jury summoned to assess damages.

Before the public could acquire any right to the possession or use of the land attempted to be condemned, its value should have been determined in the manner provided by law, and that value paid in money.

When the jury undertook to pay appellant for the land taken, in benefits which would accrue to the remainder of his land by the construction of the road, they transcended their power, and their action was void.

Under the act of 1852, Laws of 1852, page 146, which is not as comprehensive in its terms as the section of the constitution, *supra*, it has been repeatedly held by this court that the owner of land condemned for the use of the public was entitled to be paid in money for the full value of the land actually taken. *Hayes* v. *O., O. and F. R. V. R. R. Co.* 54 Ill. 373; *P., P. and J. R. R. Co.* v. *Laurie,* 63 Ill. 265.

It is, however, urged that the proceedings were instituted under the act in regard to roads and bridges, in force April 11, 1873, the 85th section of which, it is claimed, is similar to sections 1 and 4, chapter 92, Revised Statutes of 1845, under which it has been held that benefits and advantages arising from the construction of the road may be considered in assessing damages where land is condemned.

The language of the Road and Bridge act of 1873, so far as the question here involved is concerned, is entirely immaterial, and can not in the least affect the point.

Even if it was true the act of 1873 would bear the construction contended for, upon which, however, we express no opinion, the provision of the constitution must prevail, regardless of any act of the legislature.

The right of appellant to be paid for his land condemned, in money, and not in benefits, is guaranteed to him by the constitution, which it is not within the power of the legislature to take away.

The decision of the court in denying the writ and dismissing the petition was error, for which the judgment will be reversed and the cause remanded.

*Judgment reversed.*