70        APPELLATE COURTS OF ILLINOIS.

The People v. Stewart.        Deitrick v. Highway Com'rs Bishop Township.

THE PEOPLE OF THE STATE OF ILLINOIS, use, etc.

v.

ROBERT F. STEWART ET AL.

---

MICHAEL DEITRICK ET AL.,

v.

HIGHWAY COMMSSIONERS BISHOP TOWNSHIP, etc.

1.   CERTIORARI.—The common law writ of *certiorari* is the appropriate mode of bringing up for review the proceedings of highway commissioners in laying out roads.

2.   LAYING OUT ROADS—DAMAGES.—Since the present Constitution came into force, the statute allowing the jury to consider or disregard benefits to the owner in the matter of laying out roads, does not apply to the matter of damages for *taking the land*.

3.   RIGHT OF APPEAL.—A party whose land has been taken for a road has the right to be heard upon the question of damages, upon an appeal to the supervisors, and it is error to dismiss his appeal, and the mode of appeal is not changed by the fact that the proposed road is upon a county line.

APPEAL from the Circuit Court of Effingham county; the

Hon. WILLIAM C. JONES, Judge, presiding.   Opinion filed
April 2, 1880.

Messrs. GILMORE & WHITE, for appellants; that *certiorari* is
the proper remedy, cited 1 Tidd's Pr. 330; Comr's Sonora v.
Super's Carthage, 27 Ill. 140; Doolittle v. G. &. C. U. R. R.
Co. 14 Ill. 381; C. & R. I. R. R. Co. v. Whipple, 22 Ill. 105.

Highway Commissioners cannot legally proceed to lay out a
road until compensation for the land has been awarded: Car-
penter v. Jennings, 77 Ill. 250.

As to proper proceedings to lay out a road: Corley v. Ken-
nedy, 28 Ill. 143; Dolphius v. Pedley, 27 Wis. 464.

Messrs. BROWN & GIBSON, for appellees; that there is a
remedy by appeal, and *certiorari* will not lie, cited Winkler v.
Winkler, 40 Ill. 179.

The acts of the supervisors were in accordance with the stat-
ute: Comr's Sonora v. Supr's Carthage, 27 Ill. 140; Taylor v.
Marcy, 25 Ill. 518.

*Certiorari*, when improperly granted, should be quashed on
motion: Trustees v. School Directors, 88 Ill. 100.

WALL, J.   Proceedings were commenced under the act of
1877, in relation to roads and bridges, to establish a public
highway across the lands of appellants and others.   Upon a
hearing had before a jury to assess damages, a verdict was ren
dered, allowing appellant Deitrick nothing, and to appellant
Koonst the sum of sixty-five dollars.   From this finding these
two men prayed an appeal to three supervisors, as provided by
§ 58 of said act.   The supervisors having been selected, the
parties appeared before them, and on motion of the highway
commissioners, the appeal was dismissed.   The supervisors
reported their finding to the town clerk.

The highway commissioners had, before the taking of the
appeal, made a final order establishing the road.   To set aside
these proceedings these appellants obtained a writ of *certiorari*,
by which the record was brought before the circuit court.   On
motion of the highway commissioners the writ of *certiorari*

was quashed, and the appellants bring the case to this court. It is objected that this is not a proper case for the writ of *certiorari*. It has been repeatedly held that the common law writ of *certiorari* may issue for the purpose of reviewing the proceedings of all inferior tribunals and jurisdictions where they exceed their power or proceed without authority of law, and where there is no appeal or other mode given to directly review their proceedings. We have found no provision of the statute giving an appeal or other mode of reviewing the proceedings of the highway commissioners in cases like this; nor has any such provision been referred to in the argument. If there be none, the remedy must be by this writ, and it may be remarked that it is the remedy usually resorted to, and so far as we are advised, no question has been made as to the propriety of its use in such cases.

It seems clear that so far as these proceedings would affect Deitrick, they were erroneous and should have been quashed. By the verdict of the jury no damages were allowed to him, though a portion of his land was taken. Since the adoption of the present Constitution this cannot be done, and the party about to be so injuriously affected, may be protected. Carpenter v. Jennings, 77 Ill. 250. If section 44 of the act in question, is construed in the light of the Constitution, as it must be, it cannot be held that the clause therein allowing the jury to consider or disregard benefits, applies to the matter of damages for taking the land for the purposes of the road; and we must hold that it applies to some other matter of damages, or else that it is void because repugnant to the Constitution.

Nor are we able to see how the proceedings in regard to Koonst can be sustained. So far as the record discloses, he had a right to be heard upon the appeal to the three supervisors; and yet his appeal was dismissed, as the supervisors report, for some alleged defect in his bond. No such defect has been pointed out, nor do we see anything substantially deficient in the bond.

But it is said that the supervisors properly dismissed the appeal, for the reason that it was not legally brought before them, and that as the road was on the county line the appeal should have

been regulated and taken under the provisions of section 63. This section seems to be applicable only to the case of disagreement between the highway commissioners of two adjoining towns, and the proviso applies to the case where the disagreeing boards of commissioners belong to different counties. There is nothing in the statute to which our attention has been called which requires the land-owner to pursue one course where the road is all in his county, and a different course where the the road is partly in another county. Indeed, section 56 seems to sustain the view that the course of the land-owner is the same in either case, whatever may be the different or additional steps required to be taken by the highway commissioners and other authorities. We have therefore reached the conclusion that the proceedings as to Koonst were illegal, and should have been set aside. We deem it unnecessary to discuss several minor points that have been presented by counsel in their briefs, as the views already expressed will dispose of the whole case. The judgment is reversed and cause remanded.

Reversed.