## COMMISSIONERS OF HIGHWAYS

### v.

## DAVID E. NEWBY, BY HIS NEXT FRIEND.

*Highways—Condemnation—Irregular Acts of Commissioners—Certiorari—Pleading—Secs. 13 and 32, Art. 2, Constitution—Compensation—Laches—Evidence—Costs.*

Commissioners of Highways v. Newby.

1. In proceedings for the condemnation of private property for public use, the law must be strictly complied with before the owner is disturbed.

2. Condemnation without just compensation is forbidden.

3. Upon petition for a writ of *certiorari* to review the proceedings of highway commissioners in establishing a road. this court holds that certain papers, proceedings and affidavits, filed as an amended return to the writ, were properly stricken from the files, as seeking to establish matters *aliunde* the record by raising an issue of fact to be tried by the court.

4. Where the board have complied with the provisions of the statute in relation to establishing such highway, their proceedings and order establishing the same being regular and lawful, and it so appears upon inspection of the record, it is the duty of the court to quash such writ; but if, upon such inspection, it does not so appear, said record and proceedings should be quashed.

[Opinion filed June 15, 1889.]

IN ERROR to the Circuit Court of Clay County; the Hon. C. S. CONGER, Judge, presiding.

Messrs. H. H. CHESLEY and E. S. BOYLES, for plaintiffs in error.

Mr. F. G. COCKRELL, for defendant in error.

It will be seen by the various sections of the statute that there are certain conditions or limitations which must be complied with before commissioners of highways can order a road to be opened.

First. Upon the receipt of a petition they must fix a time and give notice when and where they will meet to hear reasons for or against a road.

Second. They may adjourn this meeting from time to time, but not for a longer period than ten days in all, and shall, at the first, or such adjourned meeting, within said ten days, decide whether they will grant the petition.

Third. Before they order any road to be established they shall ascertain the damages.

Fourth. And unless the damages are released or agreed upon, they shall, within ten days after granting a petition, make a certificate and call for a jury to assess the damages.

And within ten days after the total damages have been agreed upon, released or assessed, they shall hold a meeting and finally decide whether they will order the road to be opened, and within five days after this meeting they must file such final order and all papers with the town clerk.

A failure to file such final order within the time required is an abandonment of the proceedings.    Breese v. Poole, 16 Ill. App. 551.

There is nothing appearing in the record which accounts for the delay from December 28, 1883, the time the petition was signed, to the 11th of September, 1884, when the final order is supposed to have been filed.   It does not appear that the damages were agreed upon or released within ten days from the time the meeting was held, February 7, 1884, at which the prayer of the petition was granted, nor does it appear that within ten days thereafter, on failure to obtain releases of damages, a jury was called to assess the damages.

A more bungling and confused state of affairs is rarely found than appears in this imaginary record.

The amended return, if true and regular in all respects, demonstrated that the primary steps toward opening the road had been taken on the 7th day of February, 1884, and prior thereto, but such amended return was only supported by the affidavits of the commissioners of highways and town clerk, without accounting for the loss or absence of the record or original papers.

It was not competent to introduce evidence of this character into the record.

"No trial can be had on any issue of fact, hence the writ does not require a return of the evidence or of any facts outside of the record."    Savage v. Board of Commissioners, 10 Ill. App. 204.

Therefore the motion to strike the amended return from the file was properly sustained by the court, for the reason that said amended return sought to establish matters outside of the record by oral testimony, without laying any foundation therefor; and as this motion, amended return and decision

of the court have not been preserved by bill of exceptions, error can not be assigned thereon. Neely v. Wright, 72 Ill. 292; Daniels v. Shields, 38 Ill. 197; Parsons v. Evans, 17 Ill. 238.

Two fatal objections arise upon this supposed record.

First. The commissioners failed to assess the damages of complainant, and this is jurisdictional.

Second. Having received and granted the petition in February, 1884, and not having complied with the statute in obtaining the releases or calling for a jury, within ten days, to assess the damages, it was an abandonment of the proceedings, and the commissioners lost jurisdiction thereafter.

It is an abandonment of the proceedings, where the final order is not filed with the town clerk within the time specified in the statute. See Breese v. Poole, 16 Ill. App. 551.

To a far greater extent should it be held an abandonment where the commissioners fail to obtain necessary releases or file the certificate and call for a jury to assess damages within ten days after granting the prayer of a petition, as this preliminary is necessary to retain jurisdiction.

GREEN, P. J. Defendant in error, by David Burton, his next friend, filed his petition in the Circuit Court of Clay County, alleging his minority; that he is a non-resident owner of a forty-acre tract of land in said county, describing it, over which a road is sought to be opened ; that the order of plaintiffs in error establishing said road has been entered, by virtue of certain proceedings of said board set forth in the petition, which are alleged to be irregular, illegal and void; prays for the issuance of a common law writ of *certiorari*, to bring before the Circuit Court the record of the proceedings of said board relating to said road, that said record and proceedings may be inspected by the court, and if found to be irregular and void, that the same may be quashed. The writ as prayed for was issued ; the record and proceedings of plaintiff in error in relation to said road were brought into the Circuit Court as a return to said writ. Plaintiffs in error also as an amended return, placed on file certain papers, proceedings

and affidavits, which, on motion of the attorney for petitioner, were stricken from the files, and upon the hearing said record and proceedings of the plaintiffs in error, as set forth in the original return, were quashed, and defendants below ordered to pay the costs, to reverse which order and judgment quashing said record and proceedings, this writ of error was sued out.

The errors assigned are, 1st, "The court erred in striking amended record from the files;" 2d, "In sustaining plaintiffs' demurrer to answer;" 3d, "The court erred in quashing the record."

A sufficient reply to the first and second assignments of error is, that the so-called amended answer and record stricken from the files, sought to establish matters *aliunde* the record by raising an issue of fact, to be tried by the court. In the then status of the case, the writ of *certiorari* having been issued, and *the question of its issuance*, or the propriety or necessity therefor, not being before the court, the court could only inspect the record before it, and determine from it whether the proceedings of plaintiffs in error were lawful and regular, and that they acted within their jurisdiction in making the order establishing said road, or whether, by the record, it appeared that their said proceedings were irregular and unlawful and said order void. If the board complied with all the provisions of the statute in relation to the establishing of a public highway, and their proceedings and order establishing the road in question were lawful and regular, and it so appeared upon an inspection of the record before the court, it would be the duty of the court to quash the writ of *certiorari*. If upon such inspection it did not so appear, the said record and proceedings should be quashed. Hyslop v. Finch, 99 Ill. 171.

Furthermore, if it had been error to strike from the files the said papers, proceedings and affidavits, which we do not concede, such error would not be sufficient to reverse the order and judgment of the Circuit Court, because, had they been permitted to remain, and the facts therein alleged have thereby been fully established, there yet remained unremoved a defect fatal to the order complained of, establishing said

road, which we will now proceed to consider under the last assignment of error.

It nowhere appears that prior to the making and filing of said order, the petitioner or any one by him thereto lawfully authorized, agreed with said commissioners as to the damages for laying out and use of said road over petitioner's land, or that his claim to said damages was released, or that said damages were ascertained by a jury, as required by the statute in cases where no release is executed or agreement made with the board by the owner touching the damages, nor does it appear by the record as returned, or in the papers, proceedings and affidavits stricken from the files, that petitioner has been paid or tendered any compensation or damages for his land, proposed to be taken, and the use thereof for said proposed highway. Under such circumstances, to sustain the record of proceedings and order of plaintiffs in error, would be a direct violation of Sec. 13 of Art. 2 of the Constitution of this State, which provides, "Private property shall not be taken or damaged for public use without just compensation. Such compensation, when not made by the State, shall be ascertained by a jury, as shall be prescribed by law;" and would also be a violation of the provisions of the statute in force when said order was made, a strict compliance with which provisions is a necessary condition precedent to the lawful exercise of power by commissioners of highways to establish public roads. These provisions it is unnecessary to set forth in detail, but they are to be found in Sec. 32 *et seq.* of said statute. The purpose is to provide means whereby the public may acquire the use of private property for public highways in a mode securing to the owner of the land all the rights guaranteed by the State constitution, and our courts have been ever vigilant in so construing the statute as to effect such purpose.

Condemnation without just compensation is forbidden. Just compensation can not be made without ascertainment, and ascertainment except by a jury is impossible. People ex rel. D. & S. L. Ry. Co. v. McRoberts, 62 Ill. 38; Kine v. Defenbaugh, 64 Ill. 291; Carpenter v. Jennings et al., 77 Ill. 250.

In Hyslop v. Finch, *supra*, the rule is stated that whenever, in pursuance of law, the property of an individual is to be divested by proceedings against his will, there must be a strict compliance with all the provisions of the law which are made for his protection and benefit. These provisions must be regarded as in the nature of conditions precedent, which must be complied with before the right of the property owner is disturbed. The party claiming authority under the adverse proceeding must show by the record affirmatively, that the law has been complied with. The omission to comply with and perform the conditions precedent is not a mere irregularity, but a defect that goes to the jurisdiction of the commissioners to make the order declaring the highway laid out and established, and goes to the root of the proceedings and renders such order absolutely void.

The cases cited are decisive of this case. In Hyslop v. Finch, *supra*, the defect in the proceedings rendering void the order was, that a jury of *six* instead of twelve men assessed the damages to the land owner, and *set off benefits* against damages for land taken for the public highway.

In this case, in addition to other defects not necessary to mention, the condition precedent of ascertaining appellee's damages by a jury, he nor any one by him authorized having agreed upon or released the same, was not complied with; hence the order establishing said road was made without lawful authority and is absolutely void. It is suggested, however, by counsel for plaintiffs in error, that the issuance of the writ of *certiorari* was barred by lapse of time and the *laches* of the petitioner, and that the Circuit Court erred in adjudging costs against the defendants below. These are objections we can not consider under the assignment of errors upon this record. The order and judgment of the Circuit Court is affirmed.

*Judgment affirmed.*