# Francis M. Funk and Ira Lackey, Late Partners under the Firm Name of Funk & Lackey, v. Erasmus D. Babbitt.

1. PLEADING—*Trial Without Issue Joined—Waiver.*—Proceeding to trial without issue being made upon a plea is a waiver of a formal joinder and is cured by verdict.

2. PRACTICE—*Examination of Witnesses—Leading Questions.*—Particular circumstances frequently warrant a departure from the general rule as to leading questions, and the proper course to be pursued in each instance rests largely in the sound discretion of the trial judge, and his action is subject to review only in case of manifest abuse.

3. PARTNERS—*Misappropriation of Funds by One of a Firm.*—Where a person loans money to a partner in good faith as being for partnership purposes, he is not to be prejudiced by its misapplication to other uses by such partner.

4. SAME—*Loaning Money to a Partner—No Firm Liability.*—A person who loans money to a party who is a member of a firm can not recover of the firm by showing that the borrower applied the money to the use of the firm.

5. INSTRUCTIONS—*When a Party Can Not Complain of Error.*—A party has no right to complain that an erroneous principle is announced by an instruction given on behalf of his adversary when, at his request, the same principle has been announced in other instructions given in his behalf.

**Memorandum.**—Assumpsit on fifteen promissory notes. In the Circuit Court of McLean County; the Hon. THOMAS F. TIPTON, Judge, presiding. Declaration, fifteen special counts and the common counts.

Funk v. Babbitt.

Pleas: First, the general issue; second, no consideration; third, denying the execution of the notes sued on; fourth, denying the joint liability with Lackey. The second, third and fourth pleas sworn to by defendant Funk; defendant Lackey defaulted and jury impaneled to try the issues joined between the plaintiff and the defendant Funk; verdict for the plaintiff, damages $4,240; motion for a new trial overruled and judgment on verdict; appeal by defendant Funk. Heard in this court at the November term, 1893, and affirmed. Opinion filed April 28, 1894.

APPELLANTS' BRIEF, KERRICK, LUCAS & SPENCER AND FIFER & PHILLIPS, ATTORNEYS.

Where credit is originally given to one partner, the creditor can not hold the partners liable, although they may receive the benefit of the transaction. The debt, being separate in its inception, does not become joint by the subsequent application of the funds to the purposes of the partnership. Watt v. Kirby, 15 Ill. 200.

The implied authority of one partner to make notes in the firm name, and to bind the firm, extends only to transactions in reference to the business of the partnership, and on partnership account. One partner can not bind the firm, of which he is a member, by giving the firm note in satisfaction of his personal indebtedness. Wright v. Brosseau, 73 Ill. 381; Wittram v. Van Wormer, 44 Ill. 525.

The mere fact that the firm received the benefit of a loan to or purchase by an individual partner, does not make it liable. The debt being his debt, his division of the proceeds or consideration has no effect on the creditor's relations to the debt or the debtor, and does not enable the creditor either to look to the firm or to claim *pari passu* with the partnership creditors in the distribution of assets. He can look only to the person he trusted, unless that person was, in fact, an agent, and it is in the determination of this fact that the difficulty lies, etc. Bates on the Law of Partnership, Vol. 1, Sec. 446.

So where a partner borrows money on his own responsibility and credit from one who has knowledge of the existence of the firm, and uses the money for the firm or pays it

into the firm, it is his debt alone.    Bates on Partnership, Sec. 446, 450.

APPELLEE'S BRIEF, JOHN E. POLLOCK AND A. J. BARR, ATTORNEYS.

This was a trading partnership, and either member of the firm had authority of law to borrow money and sign the firm name; and it is immaterial whether the money so borrowed was used in the firm's business or not, if the money was loaned in good faith to the firm. Gregg v. Fisher, 3 Ill. App. 261; Pahlman v. Taylor, 75 Ill. 629; Walsh v. Lennon, 98 Ill. 27; Ulery v. Ginrich, 57 Ill. 531; Wiley v. Thompson, 23 Ill. App. 199.

MR. PRESIDING JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

·The judgment below was upon the verdict of a jury in favor of the appellee in the sum of $4,240, against Francis M. Funk and Ira Lackey, as partners, composing the late firm of Funk & Lackey. This is an appeal prosecuted therefrom by Funk alone. The declaration was in assumpsit and counted upon fifteen notes purporting to have been given by said firm to the appellee. Lackey suffered default. Funk pleaded (1) general issue; (2) no consideration; (3) denial that he executed the notes; (4) denial of joint liability. The 3d and 4th pleas concluded to the country and were verified by affidavit. A demurrer to each of them was overruled and the cause submitted to the jury without further pleading as to them and without issue joined on the plea of the general issue. It is urged that no issue as to the 3d and 4th pleas, or the plea of the general issue was submitted for determination. · It is now well settled· that proceeding to trial without issue being made upon a plea, is considered as a waiver of a formal joinder. Such an irregularity is cured by a verdict. Strohm v. Hays, 70 Ill. 41; People v. Wibler, 92 Ill. 288. The notes in suit were executed by Lackey in the name of the firm for money borrowed of the appellee at divers times. The first bore date December 13, 1890, and the

last one May 27, 1891.   Appellant and Lackey were, during that period, and for some years before had been, partners in business as retail dealers in drugs, paints, oils, etc., in Bloomington, and the partnership was not dissolved until September, 1891.   It was abundantly proven that Lackey signed the firm name to each of the notes.   He had full power to borrow money for the purpose of the partnership and give notes of the firm therefor.   Walsh v. Lennon, 98 Ill. 27; 17 Amer. & Eng. Ency. of Law, p. 1018.

Upon this point there seems to be no contention, but counsel for appellant insists that the appellee did not, in good faith, loan the money to the firm, but upon the contrary, understood that he was loaning the money to Lackey and was taking the notes of the firm, merely as security for its repayment by Lackey.   That Lackey had not power to sign the firm name as security for his individual indebtedness is beyond dispute.   Appellant's first complaint is that the court permitted counsel for appellee to repeatedly and persistently address leading and suggestive questions to the appellee while the latter was testifying in his own behalf, and that by this course counsel, to quote from appellant's brief, "urged and almost drove the appellee to swearing that he understood at the time he loaned the money that it was loaned to Funk & Lackey to be used in the business of the firm, instead of the plain truth which the witness was inclined to tell, that he in fact loaned the money to Lackey under an arrangement that notes of the firm were to be given as security."   The appellee, at the time of the trial, was nearly eighty-six years old and the infirmities of age may have, as it is suggested, demanded some latitude in the manner of the examination and justified in some degree, direct and pointed interrogatories and even suggestions. Particular circumstances frequently warrant departure from the general rule as to leading questions and the proper course to be pursued in each instance must, and does, largely rest in the sound discretion of the trial judge who has opportunities for intelligent and correct judgment so far superior to that of an appellate court that his action is subject

to review only in case of manifest abuse of the discretion
with which he is vested. 1 Greenleaf on Ev., Sec. 435; 1
Thompson on Trials, Sec. 360. The liberality at times al-
lowable was in this instance, it seems to us, carried to the
verge of propriety and proper judicial discretion, and we
might be disposed to regard the complaint as of serious
moment but for the fact that the testimony of the appellee
upon the precise point seemed to have abundant confirma-
tion in the evidence. Lackey testified that he borrowed
the money for the firm, and that he so told the appellee.
The appellee not only received notes of the firm, but he
made the payments of the money for which the notes were
given by checks upon a bank payable to Funk & Lackey.
Whether this money so borrowed was devoted by Lackey
to the use or purpose of the firm, was a point upon which
it can only be said the evidence was in conflict. Whether
it was so applied did not touch upon the point to which the
leading questions were directed. If appellee parted with
the money to a partner in good faith as being for partner-
ship purposes he is not to be prejudiced by its misapplica-
tion to other uses, even if it was so misapplied. 17 Amer.
and Eng. Ency. of Law, 1098. We have carefully examined
the whole evidence and have reached the conclusion that
the judgment ought not be reversed upon the ground alone
that the leading questions were asked. It is urged that the
court improperly modified the 2d, 4th, 5th and 7th instruc-
tions asked by appellant. The 4th as modified was as fol-
lows, the modification being in italics: "The court in-
structs the jury that although they may believe from the
evidence that the plaintiff loaned the money to the amount
of the notes offered in evidence and took such notes there-
for, yet if the jury further believe from the evidence that
such money was in fact borrowed for the use of Lackey,
and not of the firm, and that the plaintiff knew such fact
(if it be a fact), or if the jury believe that the plaintiff knew
or had notice that Lackey had no power so to bind the firm,
or that the money (if any) was not in good faith loaned to
the firm, then in either of such cases the jury should find

the issues for the defendant; *unless the plaintiff has proved by a preponderance of evidence that the firm of Funk & Lackey did in fact receive and use the money of the plaintiff.*" The modification was erroneous.

If the appellee loaned the money to Lackey individually he had recourse for its repayment upon Lackey alone, and could not recover from the firm by showing that Lackey applied the money to the use of the firm. Watts v. Kirby, 15 Ill. 200; Bates' Law of Partnership, Vol. 1, Sec. 446. The other instructions about which complaint is made were modified, as was the one we have just quoted, the objection being the same as to all. The injurious effect of the modifications were that they at least apparently advised the jury that liability against the firm would exist if it appeared from the evidence that the firm did in fact receive and use the money loaned by the appellee. The appellee did not base a right of recovery upon that ground. The pleadings, evidence and instructions in this behalf indicate no such claim. The errors in the instructions are confined to the series given for the appellant, and are so largely attributable to him that it would be unjust to entertain his objections. The appellant presented to the court a number of instructions bearing upon the question of the liability of the firm. We have examined all of them whether given as asked, modified and given, or refused, and find the theory that the firm should be held liable by the jury, if the proof showed it received the money, distinctly set out in several of them and directly denied in none. Instruction number 8 asked by appellant was as follows: "The court instructs the jury that before the plaintiff can recover in the case, he must prove by a preponderance of evidence, either one or both, of the following: First, *that the firm of Funk & Lackey actually received the money.* Second, that he actually loaned the money in good faith to the firm of Funk & Lackey, and in good faith received their note therefor, the law being that if the *money was not received by the firm* and the money was loaned to Ira Lackey personally, then the plaintiff can not recover, although at the time of making such loans the

plaintiff, as security for his loans, took from Ira Lackey a note or notes signed by Funk & Lackey." The court added as follows : " The law is, if the money in question was borrowed by the defendant Lackey, and the same was not loaned to the firm, then Lackey had no authority to give the firm note for said money, so borrowed, without the consent of Funk," and gave the instructions otherwise as asked. Instruction No. 1, asked by the appellant and given as asked, is as follows :

" The court instructs the jury that if the plaintiff has failed to prove by a preponderance of the evidence *that Funk and Lackey received the money*, and if the jury further believe from the evidence that the money was loaned to Ira Lackey personally, then in such case the jury should find a verdict for the defendant, Funk, and that should be the verdict of the jury, although it may appear from the evidence that Ira Lackey at each of the times of making the several loans as security therefor, gave to the plaintiff a note signed Funk & Lackey." The modification now complained of by the appellant declared the law precisely as appellant asked, and procured it to be declared by his other instructions, No. 1 and No. 8, above quoted. The error did not occur at the instance of the appellee and did not operate to support or aid his ground of recovery. He did not base his right to recover upon the ground that the firm had received the benefit of money loaned by him to an individual who was a member of the firm, but upon the ground that he had loaned the money to a partner to be applied to the use of the firm, and that the firm was liable therefor whether the money was so applied or not. The appellant sought to strengthen his defense by offering proof tending to show that the firm did not receive the money, and presented instructions No. 1 and 8 in relation thereto, which the court gave. The modification of the other of appellant's instructions now assigned as error, but made harmonious the series given in his behalf. The case in this respect demands the application of the rule that a party has no right to complain that an erroneous principle was announced by an instruction, when he re-

quested and obtained the same principle to be declared in instructions in his behalf. Con. Coal Co. v. Haenne, 146 Ill. page 614. We think there is no force in the suggestion that the instruments or some of them signed by the firm and produced in evidence, were not promises to pay. In legal effect they were notes for the payment of money. It may be true, as is asserted, that the appellant will be wronged if the judgment is not reversed; but if true, it is because he was deceived and unjustly dealt with by his partner. The judgment must be and is affirmed.