MARY GORDON *et al.*

*v.*

COMMISSIONERS OF HIGHWAYS OF ROAD DISTRICT NO. 3.

*Opinion filed November 8, 1897.*

1. APPEALS AND ERRORS—*failure to argue assigned errors is a waiver.* Errors assigned upon the record but not pointed out or argued in the briefs will be considered as waived on appeal.

2. HIGHWAYS—*when certificate of highway commissioners is sufficient to confer jurisdiction.* A certificate filed with a justice asking that a jury be summoned to assess the damages of adult owners and for the appointment of a guardian *ad litem* for minor owners "to defend for them in such condemnation proceedings," is sufficient to authorize the summoning of a jury to assess damages for the minor owners.

3. DAMAGES—*amount of damages in condemnation is a question of fact.* The amount of damages sustained by land owners upon the

opening of a highway over their lands is a question of fact for the jury, conclusively settled by their verdict and the judgment of the trial court.

4. SAME—*value of land actually taken for a highway must be paid in money.* The owner of land condemned for a public highway is entitled to be paid in money the full value of the land actually taken, and he cannot be compensated therefor by benefits derived from the opening of the road, though such benefits may be deducted from his damages.

APPEAL from the Circuit Court of Wabash county; the Hon. S. Z. LANDES, Judge, presiding.

The subject matter of this suit was a petition filed before a justice of the peace in Wabash county for the vacation of a part of a public highway known as the "Maysville Road" and for the opening of two new roads. The petition was granted by the commissioners and the new roads were laid out, which, as ordered, passed along and took part of lands in which the appellant Mary Gordon held a life estate, the fee thereof being owned by Amy Radcliffe, Robert Gordon and Walter Gordon,—Amy Radcliffe being an adult and the two last named being minors. Damages were not released as to this land, and thereupon the commissioners, under the statute, filed a certificate before a justice of the peace setting forth the opening of these roads, and reciting that "the said Mary Gordon, Amy Radcliffe and James Campbell having refused to release their claims for damages, said commissioners of highways, etc., asked that a jury be summoned by law to assess the damages of such adult owners refusing to release their claims for damages, and for the appointment of a guardian *ad litem* for Robert A. Gordon and Walter Gordon, infant owners, to defend for them in such condemnation proceedings." A jury was summoned by the justice, and the defendant Mary Gordon appeared by attorney and the infant defendants by a guardian *ad litem* appointed by the justice, who moved to dismiss the case for want of a sufficient certificate on which to base

summons for a jury. The motion was overruled and a trial
had, the result of which was, the jury returned a verdict
assessing the damages to the life estate of Mary Gordon
and also to the fee of the infant defendants, Robert and
Walter Gordon. Defendants appealed to the circuit court
of Wabash county, where a motion to dismiss was renewed,
the same reasons being urged, whereupon plaintiffs below
took leave to amend the certificate of the highway com-
missioners, after which the motion of defendants was
overruled and a trial had. A verdict was returned giving
to Mary Gordon, as damages to her life estate, $175, and to
Amy Radcliffe and Walter and Robert A. Gordon each $50
for land actually taken. After the road in question had
been laid out by the highway commissioners and stakes
set therefor, the husband of the appellant Mary Gordon
caused a well to be dug upon the line of the proposed
road. It appears from the evidence his instructions were
that the well should be dug as near the center of the road
as possible. Judgment was rendered on the verdict of
the jury, from which judgment an appeal is prosecuted
to this court.

MUNDY & ORGAN, and LEEDS & RAMSEY, for appel-
lants.

BELL & RISLEY, for appellees.

Mr. CHIEF JUSTICE PHILLIPS delivered the opinion of
the court:

The only questions which will be considered by this
court are the errors assigned and argued by appellants.
Some errors which are assigned on the record and not
argued will not be considered, as it is the established
practice of this court that where a party to a suit as-
signs errors which are not argued in his brief they will
be considered as waived.

It is urged the circuit court erred in overruling the
motion to dismiss this suit on appeal from the justice,

and in granting leave to amend the certificate filed by the highway commissioners to have damages assessed for the taking of the land of appellants, for the reason that the motion went to the jurisdiction of the justice of the peace.    The argument of appellants is, that the certificate was not sufficient to summon a jury to assess damages to the lands of Robert A. and Walter Gordon.  When the jury were impaneled before the justice for the purpose of assessing damages of appellants, Mary Gordon appeared by her attorney and the minor defendants by their guardian *ad litem*, and after the overruling of the motion to dismiss the cause a trial was had upon the merits of the case.  It was the duty of the circuit court, upon appeal from the justice of the peace, to try the case *de novo*.  If the certificate filed by the highway commissioners was not in proper form, the circuit court, under the statute relating to amendments, could, in its discretion, permit appellants to amend such certificate, unless the certificate, in the form it stood before amendment, did not give the court jurisdiction.  In that event, the motion being one which related to the jurisdiction of the court, no amendment should have been permitted. (*Hyslop* v. *Finch*, 99 Ill. 171.)  The statute relating to amendments is liberal, and the evident intention of the legislature was that the pleadings in a cause should in the end be such that a trial should be had upon the merits of the controversy in question.  We hold, however, the certificate as originally filed was sufficient to authorize a justice, and also later the circuit court, to summon a jury to assign the damages of the minor defendants.  The certificate in question asks that a jury be summoned by law to assess the damages of such adult owners refusing to release their claims for damages, and for the appointment of a guardian *ad litem* for Robert A. Gordon and Walter Gordon, infant owners, to defend for them in such condemnation proceedings.  The only defense a guardian *ad litem* could make under this certificate was on the question of

169—33

damages sustained by the minors. Upon the trial of the case the question of damages was submitted, as one of the principal issues, to the jury, and they returned their verdict with a finding thereon. The question of the amount of damages sustained by appellants was a question of fact, and is conclusively settled by the verdict of the jury and judgment of the trial court.

It is urged the circuit court erred in giving to the jury the first instruction, which was as follows:

"The court instructs the jury that if the claimants, by themselves or agent, had the well in question dug within the limits of the proposed road after the petition for the establishment of the road had been granted by the highway commissioners, then the jury are at liberty to consider that the claimant, in the digging of the well, had in view an additional element of damages in this suit."

It is insisted there was no evidence on which to base this instruction, but the record shows otherwise by the testimony of George Rath, who says he was told by the husband of appellant Mary Gordon to pull up the stakes of the survey of the road and have the well dug on the line of the proposed new road, which the witness says he did. There was no error, therefore, in the trial court giving this instruction.

The second instruction complained of told the jury that if they believed, from the evidence, that claimants would enjoy any benefits peculiar to their farm by reason of the establishment of the roads in question, such benefits must be deducted from their damages, if any are sustained by them, and that such benefits which might be deducted or set off are such as are direct and special to the farm of the claimants and not enjoyed in common by owners of surrounding property. There was no error in the giving of this instruction. The rule, as well established in this State, is, the owner of land condemned for a highway for the use of the public is entitled to be paid in money for the full value of the land actually taken,

and he cannot be paid therefor by any benefits to result
from the laying out and establishing of the highway.   As
to damages he may be thus compensated, but for the land
actually taken he must be paid its full value in money.
(*Carpenter* v. *Jennings*, 77 Ill. 250; *Todd* v. *Kankakee and Illi-
nois River Railroad Co.* 78 id. 530; *Peoria, Pekin and Jackson-
ville Railroad Co.* v. *Laurie,* 63 id. 264; *Hyslop* v. *Finch*, 99 id.
171.)   This instruction followed the rule as above stated.

The other instructions complained of, on the ques-
tion of the measure of damages, are not inconsistent with
those already referred to.

No other errors of law are argued, and as there does
not appear to be any error in the record presented to us,
the judgment of the circuit court is affirmed.

*Judgment affirmed.*