# National Council of the Knights and Ladies of Security v. Mary Dillon.

1.   MUTUAL BENEFIT SOCIETIES—*Member Not Bound by Future Amendments or By-laws in the Absence of an Express Agreement.*—A member of a mutual benefit society is not bound by constitutional amendments or by-laws enacted after he becomes a member, in the absence of an express agreement to be so bound.

Assumpsit, on a beneficiary certificate.   Appeal from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge presiding. Heard in this court at the October term, 1902.   Affirmed.   Opinion filed May 28, 1903.

A. W. FULTON, attorney for appellant.

EDMUND S. CUMMINGS, attorney for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

The appellant is a beneficiary society organized under the laws of the State of Kansas and licensed to do business

184    APPELLATE COURTS OF ILLINOIS.

VOL. 108.] Nat. Council Knights & Ladies of Security v. Dillon.

in this state. Illinois Council No. 420, located in Chicago, Illinois, is one of its subordinate lodges. A certificate of membership in said subordinate lodge was issued to Honora McCaffery October 19, 1897, entitling Mary Dillon, her daughter and beneficiary, to the sum of $1,000, to be paid at the death of Mrs. McCaffery. Honora McCaffery died March 16, 1900, and appellant refusing to pay appellee, suit was commenced by her against appellant September 20, 1900. The declaration is in the usual form in such cases. The defendant pleaded the general issue, and by agreement between the parties the defendant was permitted to make all defenses under the general issue. At the conclusion of the evidence for the defendant the court instructed the jury to find the issues for the plaintiff and assess her damages at the sum of $1,043.24, which was done and judgment was rendered for that sum.

The defense is that Honora McCaffery, at the time of her death, March 16, 1900, was not a member of good standing in the order; that prior to her death her assessment for the month of February, 1900, had not been paid, and that by reason of its non-payment she stood suspended from the order. By the by-laws of the order adopted in 1896 and in force when Honora McCaffery became a member thereof, she being then fifty-two years of age, she was required to pay a beneficiary fund assessment of $1.40 monthly on or before the 28th day of each month, and unless she paid the same within said time, a by-law provided that " by the fact of such non-payment " she should stand suspended. She was also required by the by-laws to pay a reserve fund assessment of twenty-five cents quarterly in advance, being one dollar per annum, and also a general or expense fund assessment of forty cents per quarter year, payable quarterly in advance. There was no provision for suspension, without notice, by the fact of non-payment of the quarterly installments of reserve and general expense funds, or either of them. There were other payments which she had to make, at the time she became a member, making the total payments per annum $22.80.

In the year 1898 the order repealed the 1896 by-laws and passed others which required Honora McCaffery to pay eight and one-third cents per month for the reserve fund, and sixteen and two-thirds cents per month, or $2 per annum, for the general expense fund, said payments to be made on or before the last day of each month, and providing that on failure to make such payments the member so failing "shall, by the fact of such non-payment, stand suspended, without notice, and no action on the part of the council or any officer thereof shall be required as essential to such suspension." By these amendments of 1898, instead of paying quarterly twenty-five cents for the reserve fund and forty cents for the general expense fund, appellee was required to pay monthly eight and one-third cents for the reserve fund and sixteen and two-thirds cents for the general expense fund, making the latter $2 per annum instead of $1.60 per annum, as formerly; also, whereas, formerly there was no provision for suspension, *ipso facto*, by non-payment of these funds, the new by-laws expressly so provide.

That Honora McCaffery, at the time of her death, March 16, 1900, had paid no dues or assessments for the month of February, 1900, is shown by the evidence, and is not controverted. The main question argued by counsel, and that on which the case turned in the trial court, is whether Honora McCaffery was bound by the by-laws of 1898. Counsel for appellant contends that she was, and, consequently, that by non-payment of her dues and assessments for February, 1900, she became suspended from the order, and after that month was not a member of the order. In support of this position appellant's counsel relies on the following: The benefit certificate contains this provision:

"That this certificate is issued upon the express condition that the said member shall, in every particular, while a member of the order, comply with all the laws, rules and regulations thereof, and shall, at her death, be a member in good standing of said order."

One of the by-laws of 1896, in force when Honora McCaffery became a member, is as follows:

186        APPELLATE COURTS OF ILLINOIS.

VOL. 108.] Nat. Council Knights & Ladies of Security v. Dillon.

"These laws may be amended by a majority vote of the National Council."

In Covenant Mutual Life Ass'n v. Kentner, 188 Ill. 431, 441-2, the court say:

"Even if the certificate states that the by-laws are a part of the contract and that they are subject to amendment, subsequent by-laws will be construed to apply only to contracts made after the adoption of such by-laws, in the absence of an agreement that they shall have a retrospective effect. This is upon the principle that all laws and by-laws have a prospective and not a retrospective effect, unless the intent that they shall have a retrospective effect is clear and unmistakable. Unless there is an express agreement that a member shall be bound by future by-laws varying or modifying his contract, he is not so bound. Niblack on Benefit Societies, Secs. 27, 136, 137."

In Peterson v. Gibson, 191 Ill. 365, the certificate contained substantially the same condition as the certificate in this case, and a by-law provided that the constitution might be amended and changed at the annual meeting of the association by a majority of two-thirds of all the members present. The court say: "What is here referred to as the constitution is but a code of laws adopted by the association." Held, that a member was not bound by future by-laws materially affecting his contract, the court saying:

"It is only when a member, in express terms, agrees to be bound by such constitutional amendments or by-laws as may hereafter be enacted, that he is bound by future amendments or by-laws which impair the obligations of his contract of membership injuriously."

There is nothing in the contract between appellant and Honora McCaffery showing an agreement, in express terms, on her part, to be bound by future amendments or by-laws materially affecting the obligations of her contract. There may be decisions in other jurisdictions supporting appellant's contention, but we deem the decisions in this state as conclusively against it. The sole ground urged by appellant's counsel, in his argument, against appellee's right of recovery, being that Honora McCaffery became suspended by reason of non-compliance with the by-laws of 1898, and

therefore she was not, at the time of her death, a member of the order in good standing; all other grounds for a reversal, if any, are waived. Gordon v. Comrs. of Highways, 169 Ill. 510; Keyes v. Kimmel, 186 Ill. 109.

Other grounds are mentioned in appellee's brief in support of the judgment, to which we think it unnecessary to refer. The judgment will be affirmed.