## Victor Lemke, et al., v. Hortensia Faustmann.

### Gen. No. 12,335.

1. PARTNERS—*what within authority of.* A member of a commercial or trading firm may borrow money for the use of the firm and give the firm's note therefor.

2. ASSIGNMENT OF ERRORS—*when deemed waived.* An assignment of error not relied upon in argument is deemed to have been waived.

Lemke v. Faustmann.

Action commenced before justice of the peace. Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in this court at the March term, 1905. Affirmed. Opinion filed March 1, 1906.

LESLIE H. WHIPP, for appellants.

E. P. LANGWORTHY, for appellee.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

This is an appeal from a judgment in favor of appellee and against the appellants, Victor Lemke and Bruno Schoof, for the sum of $200, rendered by the Superior Court of Cook county on appeal from a justice of the peace.

The suit was brought on a note of which the following is a copy:

"$200   00/100          Chicago, Ill., July 15th, 1904.

Thirty days after date for value received we promise to pay to the order of Hortensia Faustmann Two Hundred and no/100 Dollars, at Chicago, Ill., with interest at 6 per cent. per annum after date until paid.

And to secure the payment of said amount we hereby authorize, irrevocably, any attorney of any Court of Record to appear for us in such court, in term time or vacation, at any time hereafter, and confess a judgment without process in favor of the holder of this Note for such amount as may appear to be unpaid thereon, together with costs and 25 dollars attorney's fees, and to waive and release all errors which may intervene in any such proceedings, and consent to immediate execution upon such judgment, hereby ratifying and confirming all that our said attorney may do by virtue thereof.          LEMKE & SCHOOF."

The appellants were partners, under the name of Lemke & Schoof, and were engaged in the wholesale liquor business in the city of Chicago when the note was given. The note was signed in the name of the firm by Bruno Schoof. Prior to the giving of the note the appellee gave to the appellant Schoof four checks payable to the order of Lemke & Schoof,

of the following dates and amounts: March 5, 1904, $50.00; March 14, 1904, $50.00; April 9th, $5.00; April 22, 1904, $45.00; and also gave to Schoof $50 in money, which the evidence tends to prove was for the firm, and which is included in the note. The checks of March 5th and April 9th are endorsed in appellants' firm name in the handwriting of appellant Lemke, and all the checks were deposited in the Metropolitan Trust & Savings Bank, where appellants kept their bank account, to their credit, and were all paid through the clearing house.

The argument of appellants' counsel contains no concise statement of the points on which he relies for reversal; but, so far as we can ascertain from his argument, his contentions are that the court erred in excluding the contract of copartnership between appellants, and a decree dissolving their partnership, and in refusing certain instructions asked by appellants. In respect to the contract of copartnership, counsel claims that the following contained therein, of which he claims appellee had knowledge, was competent and relevant to the issues:

"It is understood and agreed that the said Victor Lemke is to furnish all moneys necessary for the carrying on of said business for which this copartnership is being formed.

    *       *       *       *       *       *       *       *

And the said parties hereby covenant and agree to and with each other, that during the continuance of the said copartnership neither of them shall or will indorse any note, or otherwise become surety to any person or persons whomsoever, without the consent of the other of the said partners."

Appellee testified that she could not read English and, in substance, that she did not read the contract of partnership, and that it was not read to her. Minnie N. Meyer, witness for appellants, testified that she was present, as a reporter, at the trial before the justice, and that appellee then said she had read the contract through. This witness did not testify that appellee was being examined as a witness when it is claimed she so said, nor, if she so said, is there any evidence of when she read the contract, whether before or after she

gave the checks and money to Schoof, or before or after the execution of the note.

It is not claimed that Schoof endorsed any note or became surety for any one, and there is nothing in the clauses of the contract, quoted *supra,* to prevent either party to it from borrowing money for the use of appellants in their business and giving the firm note therefor, and that a commercial or trading firm can so do is well settled. Funk v. Babbitt, 55 Ill. App., 124, 125, and authorities cited.

There was no error in excluding the decree dissolving the partnership of appellants, but if the ruling were erroneous, appellants could not have been prejudiced by it, because Lemke testified, without contradiction, that the partnership was dissolved October 1, 1904.

It is assigned as error "that the evidence does not support the verdict;" but this assignment is not, in any way, relied on in argument, and, therefore, must be deemed waived. Gordon v. Commissioners, 169 Ill., 510. However, were there no waiver, we would hold that the verdict is sustained by the evidence.

The instructions, the refusal of which appellants' counsel complain of, are framed on the hypothesis that the contract of partnership between appellants was admitted in evidence and went to the jury; but, as we have shown, the contract was excluded. Therefore the court properly refused the instructions.

The judgment will be affirmed.

*Affirmed.*