Mills v. Larrance.

### William H. Mills v. Oscar Larrance.

1. VERDICT—*weight given to, where third, found by jury.* Where three juries have passed upon the issues of fact in a case, and each have found the same way, the Appellate Court will be slow to disturb the verdict.

2. VERDICT—*when not set aside as excessive.* Notwithstanding a verdict may appear to the Appellate Court to be excessive, yet where it was rendered upon a third trial upon substantially the same evidence as upon former trials, and it does not appear that another trial would be likely to result more favorably to the appellant, a new trial will not be awarded.

3. VARIANCE—*when immaterial.* A variance is immaterial which consists of an allegation that there was a balance due upon two notes and the proof showed an indebtedness upon but one.

4. VARIANCE—*when cannot be availed of.* Where a variance, if it appeared at all, existed during three trials, it cannot after the third trial be availed of as ground for reversal.

Action on the case for alleged excessive levy. Appeal from the Circuit Court of Vermilion County; the Hon. J. W. CRAIG, Judge, presid-

ing. Heard in this court at the November term, 1904. Affirmed.
Opinion filed April 20, 1905.

J. B. Mann and Evans & Son, for appellant.

R. W. Fisk, S. M. Clark and Buckingham & Dysert, for
appellee.

Mr. Justice Puterbaugh delivered the opinion of the
court.

The first trial of this cause in the Circuit Court resulted
in a judgment in favor of the appellee for $4,000, which
was reversed by this court for the reason that the damages
were excessive, and that the Circuit Court admitted im-
proper evidence on the trial. Upon a second trial in the
Circuit Court appellee recovered a judgment for $3,000,
which was reversed for reasons set forth in the opinion
then filed, reported in 111 App. 140, which opinion, together
with the former one, reported in 103 App. 356, will fully
disclose the issues and the principal facts involved in the
case. A third trial resulted in a verdict for appellee for
$4,000, of which $2,500 was remitted by appellee and a
judgment rendered for $1,500, to reverse which this appeal
was taken.

It is insisted that the preponderance of the evidence does
not show that appellant intentionally or wantonly partic-
ipated in the act of the deputy sheriff in making the alleged
excessive levy, or that he knowingly ratified or approved
of them; and further, that it fails to show malice, which is
the gist of the action.

We have again examined and considered the evidence and
are of opinion that it is sufficient to support the finding of
the jury as to the facts in controversy.

Furthermore this case has been thrice tried by jury.
Upon each of the trials the issues of fact involved were
practically the same and the evidence adduced was sub-
stantially similar. In each instance the jury has found the
issues of fact for the plaintiff, and the trial court has ap-
proved the verdict returned. As is said by the Supreme
Court in Silsbe v. Lucas, 53 Ill. 479, " It would seem to

be eminently proper, where three juries have found the facts in the same way, that there should be an end to the controversy as to what the facts are." See also, Parmly v. Farrar, 204 Ill. 38; Hinchliff v. Rudnik, 212 Ill. 574.

It is also insisted that inasmuch as the declaration avers that the plaintiff was indebted to the defendant in the sum of $300, the balance due upon two notes, and the proof shows that he was in fact so indebted upon but one, there was a material variance between the averments of the declaration and the proofs. We do not regard the variance as material. Moreover the averments referred to have remained unchanged throughout the three trials of the cause, and appellant could not therefore have been surprised or otherwise prejudiced by such variance, or by the failure of the court to give the instruction offered by him relative thereto. The contention that neither count of the declaration averred an excessive levy and that the court therefore erred in admitting evidence tending to show such fact, is disposed of by what was said relative thereto in the former opinion of this court. 111 App. 140.

It is further urged that the damages are excessive. There is evidence tending to show that the wrongful acts of appellant were wilful and malicious. The jury undoubtedly so found and accordingly assessed large punitive damages. The amount of the verdict was grossly excessive. Notwithstanding the remittitur, the amount of the judgment is larger than we would sanction were this the first trial of the cause. We are satisfied, however, that a fourth trial would not, in this respect, result more favorably to appellant.

We have carefully examined and considered the rulings of the trial court upon the instructions and the admission and exclusion of evidence, urged as grounds for reversal, and find no prejudicial error therein.

The judgment of the Circuit Court is affirmed.

*Affirmed.*