# Henry M. Omensky v. Louis Gieske, et al.

### Gen. No. 12,046.

1. PREPONDERANCE OF EVIDENCE—*what does not fail to establish.* The fact that there are but two witnesses to an issue and they contradict each other, does not necessarily fail to establish a preponderance of the evidence for the plaintiff.

2. INSTRUCTIONS—*when alleged error in, cannot be urged on appeal.* Objections to instructions cannot be urged upon appeal where such objections are not specifically pointed out.

Action commenced before justice of the peace.   Appeal from the Circuit Court of Cook County; the Hon. CHARLES M. WALKER, Judge, presiding.   Heard in this court at the October term, 1904.   Affirmed. Opinion filed July 17, 1905.   Rehearing denied October 3, 1905.

J. Julius Neiger, for appellant.

No appearance for appellee.

Mr. Justice Adams delivered the opinion of the court.

This is an appeal from a judgment in favor of appellees and against appellant for the sum of $70.55, rendered on appeal from the judgment of a justice of the peace. The appellees sued appellant for milk claimed by them to have been delivered to Mike Omensky, appellant's brother, by appellant's request and his undertaking to pay appellees therefor. Joseph Tomisky, one of the appellees, and the appellant, were the only witnesses. Joseph Tomisky testified, in substance, that Mike Omensky introduced him to appellant at the latter's saloon, in May, 1901, and appellant asked him if he could supply Mike with milk for the balance of the season, and he told him he thought he could, that appellees had the milk, if they could get suitable security, and appellant said that he was in business there and thought he was responsible and good enough for a month's milk, and told witness to let Mike have the milk from day to day, and to come to his, appellant's place, at the end of each month and he, appellant, would see that he got his pay for it. Witness testified that appellant paid him for the June and July milk, but did not pay him for 93 cans delivered to Mike in August, that there was some complaint about the August milk, and appellant said he wanted to see Mike before he paid the account and refused to pay it.

There is no contest as to the amount of the August milk, or its delivery, or the value of it.

Appellant denied positively that he told Tomisky to let Mike have milk from day to day and to come to him for his pay, and never ordered him to ship milk to or supply his brother with milk.

Appellant's counsel contends that as there was a direct contradiction between the witnesses, as to any agreement of appellant to pay for the milk, the appellees did not prove their case by a preponderance of evidence and there can be

no recovery.   We do not understand the law to be, that where there are only two witnesses and they contradict each other directly, as to vital facts, it necessarily follows that there is not a preponderance of evidence for the plaintiff.   On the contrary, we understand the law to be, as stated in the first instruction given by the court at the instance of the appellees, namely, that while the plaintiff must prove his case by a preponderance of the evidence, such preponderance is not determined alone by the number of witnesses testifying.   The jury are the judges of the credibility of the witnesses who testify in their presence and hearing, and of the probability or the reverse of their testimony, and obviously may credit the testimony of one and discredit that of the other.   It appears from the evidence that appellees had been shipping milk to Mike Omensky, who apparently was in the milk business, for cash, and who wanted to buy by the month on credit, and that Tomisky was unwilling to let him have milk without the cash, on his own responsibility.   Hence Mike took Tomisky to appellant.   Under these circumstances there is certainly nothing improbable ·in appellant having told Tomisky to let his brother have the milk and he, appellant, would pay for it.   We think, too, that the circumstance that appellant actually paid for the milk delivered to his brother in the months of June and July, is corroborative of Tomisky's testimony.   Appellant admits having paid for· those months, but says he paid his brother's money.   But why did Tomisky apply to him for payment, instead of to his brother?   Mike, who was present when the conversation occurred between appellant and Tomisky, was not called as a witness, nor his absence accounted for.   Naturally, appellant, his brother, would be expected to call him.   Why appellees would not wish to call him we think obvious.

In Peaslee v. Glass, 61 Ill., 94, Glass was the plaintiff and Peaslee the defendant.   The testimony of Glass was directly contradicted by Peaslee and Peaslee's testimony was corroborated by that of another witness.   Held, that the plaintiff could not recover.   The court, commenting on a case where a plaintiff and defendant are the only witnesses,

and the plaintiff recovers, say: "Without saying that this court would set aside a verdict for the plaintiff, rendered in such cases, on the ground alone that it was not sustained by the evidence, we must set aside one resting only upon the evidence of the plaintiff when that is contradicted not only by the defendant, but also by another witness, and there are no elements of probability to turn the scale."

In Durant v. Rogers, 71 Ill., 122, cited by counsel for appellant, three judges dissented.

Authorities are cited in regard to books of account as evidence, for what purpose we cannot perceive, as no books were put in evidence.

Appellant's counsel assigns as error the refusal of certain instructions asked by appellant, but the instructions are not argued. It is merely stated, in substance, in the printed argument of counsel, that the instructions should have been given, without any attempt to point out, in any way, errors in them, or how appellant was prejudiced, if at all, by their refusal. It is well settled that objections not relied on in argument must be deemed waived. Gordon v. Commissioners, 169 Ill., 510; Inter-State B'g & L. Ass'n v. Ayers, 71 Ill. App., 529, 541, and cases cited. An objection merely stated and not argued can hardly be said to be relied on. In City of Chicago v. Spoor, 91 Ill. App., 472, the court say: "It is not enough for counsel to say in his brief that the court erred in giving a specific instruction, or in the admission or exclusion of certain evidence, or that the judgment is excessive, or that the court should have sustained a motion for a new trial; but he should show how or in what way the particular ruling of the court was erroneous." On such general objection as is made in the case, we decline to examine critically each of the nine refused instructions for the purpose of ascertaining whether it is or not materially erroneous.

The judgment will be affirmed.

*Affirmed.*