## W. H. Whitaker, Defendant in Error, v. J. W. Mastin, Plaintiff in Error.

1. EVIDENCE—*when comparison of signatures incompetent.* The issue being as to the genuineness of a signature, it is not competent to compare the disputed signature with signatures admittedly genuine where the documents to which the genuine signatures are attached have been introduced solely for the purpose of enabling such comparison and do not in any way tend to prove any issue 'in the cause.

2. INSTRUCTIONS—*when erroneous to direct verdict upon particular issue.* Where there are several issues interposed by way of defense as to one of which a verdict may properly be directed, it is error to direct a verdict upon anything more than upon such particular issue.

3. APPEALS AND ERRORS—*what assignments of error not considered.* An assignment of error will not be considered on review if the appellant's counsel only makes a general statement of objection with respect to the matter complained of and does not point out specifically wherein the alleged error consists.

Judgment by confession. Error to the Circuit Court of Moultrie county; the Hon. W. G. COCHRAN, Judge, presiding. Heard in this court at the November term, 1907. Reversed and remanded. Opinion filed April 21, 1908.

E. J. MILLER, for plaintiff in error.

HARBAUGH & THOMPSON, for defendant in error.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Defendant in error took judgment by confession against plaintiff in error and one A. B. Batman on April 18, 1906, in the Circuit Court of Moultrie county upon a note dated October 16, 1905, for the principal sum of $500. Afterward the judgment was set aside and plaintiff in error permitted to plead to the merits. Plaintiff in error thereupon filed special pleas, in one of which he set up that his signature to the note in question was secured by Batman, who was the prin-

cipal maker of said note, and one J. M. Wolf, acting in behalf of defendant in error, while plaintiff in error was in such an intoxicated condition that he knew nothing at all of the transaction, and that if he signed the note he did not know it when he did so; in another plea he alleged that he was mentally incapable to transact ordinary business when it was alleged he signed the note; and in another of said pleas he denied, under oath, the execution of the note. Issue was closed upon these pleas and a trial had before a jury which resulted in a verdict in favor of defendant in error in the sum of $547.10, upon which the court rendered judgment. Mastin prosecuted a writ of error.

Plaintiff in error contends that the trial court committed error in admitting in evidence a note, other than the one sued on, which plaintiff in error had admitted he had signed, and also the last page and the signature thereto, of an affidavit made by plaintiff in error and filed in the cause, in support of his motion for leave to plead, for the purpose of enabling the jury to examine the signatures acknowledged by plaintiff in error to be his and compare the disputed signature of plaintiff in error with his admitted signatures in determining whether or not the disputed signature was that of plaintiff in error. In Himrod v. Gilman et al., 147 Ill. 293-300, the court say: "The law seems to be well settled in our state that the genuineness of a signature cannot be proved by comparing it with an admittedly genuine signature to papers or documents not in evidence in the case and which are collateral to the issue and therefore not admissible in evidence for other purposes."

In Brobston v. Cahill, 64 Ill. 356, it is said that such comparison may be made between the disputed signature and the signature to some paper or instrument admitted or proved to be genuine, and which has been legally admitted in evidence under the issues. The clear meaning of the decisions upon this subject is that it is only where a paper has been admitted in evi-

dence which tends to support some issue in the case upon which an acknowledged signature appears, that the jury may compare an admitted signature with a disputed one to determine the genuineness of the disputed signature. In the case before us the note and the last page of the affidavit which bore the admitted signatures of plaintiff in error, were neither offered nor admitted in evidence as tending to prove any issue involved. Defendant in error first offered the affidavit of plaintiff in error "for the purpose of letting the jury see a signature that he admitted to be genuine" and over objection, the last page of the affidavit with the acknowledged signature of the plaintiff in error was admitted in evidence. Defendant in error then offered a note dated in April, 1905, and other than the one sued on, with the admitted signature of plaintiff in error upon it "for the purpose of permitting the jury to see the signature," which, over objection of plaintiff in error, was also allowed in evidence. . It is too plain to require argument that the sole and only purpose of these two offers was to get before the jury the admittedly genuine signatures of the plaintiff in error for the purpose of comparison only, and thus enable the jury to determine the issues upon evidence which, under the circumstances, they had no right to consider.

Plaintiff in error next criticises the action of the court in giving the eighth instruction offered by defendant in error. This instruction in substance told the jury that even though they might believe from a preponderance of the evidence that Mastin was intoxicated when he signed the note, yet if the evidence failed to show that the liquor was furnished by Whitaker as charged in the third special plea, which set up collusion upon the part of Whitaker and those acting in his behalf to have the note signed by Mastin while he was drunk, then the jury should find for the plaintiff upon the issue of defendant's intoxication under the pleadings in the case.

This instruction was misleading. It directed a verdict in favor of Whitaker, upon the issue of Mastin's drunkenness, under all the pleadings in the case, instead of directing a verdict only on the plea in which it was charged that the drunkenness of Mastin, at the time the note was signed, was caused by liquor furnished him by said Batman and those acting on behalf of defendant in error.

Under another special plea plaintiff in error had made the claim that he was mentally incapable of transacting ordinary business at the time it is alleged he signed the note in suit, which was caused by his protracted drunkenness prior and up to the time of the date of said note, which was an issue separate and distinct from the alleged drunkenness caused by defendant in error on the day the note was made. Plaintiff in error had attempted to support his claim of incapacity by giving evidence bearing directly on that issue. This testimony was rendered valueless to him by said eighth instruction given for defendant in error.

Plaintiff in error next assigns as error the action of the trial court in refusing to give certain instructions tendered by him, but as he makes a general statement or objection only and does not point out specifically in what the alleged error consists, we do not feel called upon to discuss the same. A mere statement in the printed argument that instructions should or should not have been given without attempting to point out specific error and to show in what way prejudice resulted therefrom will not entitle objections, based on such statement, to consideration. Gordon v. Commissioners, 169 Ill. 510; Omensky v. Gieske, 125 Ill. App. 77.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*