## Bert Scott, Appellee, v. Parlin & Orendorff Company, Appellant.

1. INSTRUCTIONS—*when error in refusing, which preclude recovery upon particular counts, waived.* Any error committed by the trial court in refusing instructions directing the jury to find against the plaintiff on particular counts is waived by tendering at the same time with such instructions, instructions which present the issues of the cause upon the declaration as filed.

2. INSTRUCTIONS—*length of, criticised.* In this case an instruction of three full printed pages is criticised as too long, as tending more to mislead than to instruct.

3. VARIANCE—*how objection for, should be made.* If there is a material variance between the averments and proof, the party urging such variance should state the same specifically to the court at the time the objection is made.

4. TRIAL—*when conduct of counsel will not reverse.* Notwithstanding the conduct of counsel may be open to criticism, it will not constitute ground for reversal in the absence of a showing of prejudice.

5. VERDICTS—*effect of several concurring.* Where three juries have passed upon a cause and each found the same way, the Appellate Court will be slow to disturb the third verdict in the absence of prejudicial error.

Action in case for personal injuries. Appeal from the City Court of Canton; the Hon. P. W. GALLAGHER, Judge, presiding. Heard in this court at the May term, 1908. Affirmed. Opinion filed November 17, 1908.

PAGE & WEAD and C. E. McNEMER, for appellant.

CHIPERFIELD & CHIPERFIELD, for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Appellee brought suit in the City Court of Canton against appellant to recover for damages alleged to have been sustained by him through the negligence of appellant. Three trials of the case have been had, upon the first of which a verdict in favor of appellee in the sum of $1,000 was returned which, on motion for new trial, was set aside; upon the second trial a verdict was returned for $4,000 in appellee's favor and judgment entered for that sum, which was reversed by this court for the misconduct of appellee's counsel upon the trial; the third trial resulted in a verdict in favor of appellee in the sum of $3,800, upon which judgment has been rendered, from which this appeal has been prosecuted.

Appellee's declaration consisted of four counts: The first count set up appellee's claim substantially as follows: That appellant on December 9, 1905, was the owner and operator of a machine shop and machinery used therein and that appellee was employed as a servant in said shop; that in one of the buildings of appellant there was a passage way, and over it and about sixteen feet from the floor was a line of shafting, upon which there were pulleys fastened, which were used by appellant in conveying power by the use of belts, etc., which shaft revolved, while in use, at a high rate of speed; that in his line of duty appellee was called upon to oil certain boxing on such shaft while the same was in motion; that to enable him to perform such duty appellant had provided for appellee's use an ordinary frame ladder which was placed in position by appellant so that the lower end of the same was wholly unsecured upon the steel floor of the passageway, which was extremely slippery, and the upper end thereof also left unsecured; that appellant furnished appellee no means of reaching his position

in oiling said boxes other than said ladder; that appellant neglected to provide appellee, in the performance of his duties, a reasonably safe place to work; that the ladder for such use was not reasonably safe; that the appellant knew that such place, ladder and appliance in connection with the slippery condition of the floor, was such as to cause said ladder to fall with appellee and injure him; that appellee was entirely ignorant of the danger to which he was so exposed and that he did not have equal means of knowledge with appellant of such danger; that while appellee was engaged in the discharge of his duties under such conditions, and while he was in the exercise of due care for his own safety, said ladder slipped or was struck by a coupling revolving near by and knocked off or away from its support and appellee was thrown with great violence upon the floor and injured, etc.

The second and third counts do not differ so materially from the first count as to require any detailed statement thereof.

The fourth count differs from the three others, in alleging that both appellee and appellant knew and realized the dangers to which appellee was exposed by reason of the conditions involved; that on December 8, 1905, appellee notified appellant that the place was dangerous and unsafe and that appellant promised appellee that it would be made reasonably safe for appellee's use and the defect remedied; that appellee, in reliance thereon, was induced to remain in such employment; that while so relying upon appellant's promise and while afterwards acting in the performance of his duties in oiling such boxing, he was injured, etc.

Appellants filed a plea of general issue to all four counts and the three trials hereinbefore mentioned were had.

We do not deem it necessary to discuss at length the issues as presented by either the first, second or third counts, as the case seems to have been tried upon the theory set up in the fourth count, which presented a

claim based upon appellee's knowledge of the dangerous condition of the place and appliances used, prior to the injury, and his remaining in appellant's service upon a promise to remedy the defect, which theory was inconsistent with that presented by said first, second and third counts. Appellant, however, made no motion at the conclusion of appellee's case, or at the close of all the evidence to withdraw said first, second and third counts from the consideration of the jury, but submitted the case to the jury upon the whole declaration, contenting itself by offering instructions to the effect that under the evidence appellee could not recover under the said first, second and third counts of the declaration. These instructions were properly refused for the reason that appellant at the same time also tendered an instruction which the court gave relating to and covering appellee's case as "charged in each count of his declaration," so that even if the said first, second and third counts should have been withdrawn from the consideration of the jury, either upon motion or by instruction, any error in that respect would be deemed as waived by appellant. Kirk & Co. v. Jajko, 224 Ill. 338-343.

Appellant contends that under the fourth count there was such a variance between the proof and allegations concerning Scott's complaint to appellant as to the alleged unsafe condition of the place no recovery can be sustained. Even if such a variance should be conceded, we do not think that appellant has put itself in such condition that it can successfully urge the objection made. If there was a material variance between the averments and the proof and appellant sought to avail itself of such variance, counsel should have stated to the court at the time the objection was made, in what the variance consisted. This rule is a just one, as it enables the court to pass upon the question intelligently and also enables the plaintiff to so amend his declaration that the objection may be, if

proper, overcome or removed. L. S. & M. S. Ry. Co. v. Ward, 135 Ill. 511-516.

This doctrine is not overruled or modified in Republic Iron Co. v. Lee, 227 Ill. 246, cited by appellant. In the latter case in passing upon this question the court held, in effect, that upon such objection being made, the trial court should be made to clearly understand the ground of the same so that it may pass thereon intelligently.

In the case at bar appellant, without intimating in what the variance consisted, made objection or motions to strike testimony "on the ground of a variance between the testimony and the allegations in the declaration." This was almost the exact language passed upon by the Supreme Court in the Ward case, *supra*, where Justice Bailey said such an attempt to point out a variance was clearly insufficient.

Appellant next insists that the conduct of counsel for appellee upon the trial was such that a reversal of the judgment should be had. While there is ground for criticism along the line suggested, we do not think that such conduct upon the last trial was of a character so prejudicial as to warrant us in disturbing the verdict upon that ground alone.

Upon a review of the evidence we think it fairly tended to support the averments of the fourth count of the declaration. Furthermore, the case has been three times tried, and three juries have found the issues in favor of appellee upon the same facts. Under such circumstances and in the absence of prejudicial error, a court of review will be slow to disturb the verdict. Mills v. Larrance, 120 Ill. App. 83.

Complaint is made by counsel for appellant as to the rulings of the court upon the admission and rejection of evidence, the refusal of the court to submit special interrogatories to the jury and the action of the court in the giving and refusing of instructions, but we find no prejudicial error in any of these respects.

The court gave for appellant nineteen instructions, covering every material feature of its case, and refused twelve others, many of which covered the same ground in substance as that embraced in the instructions given. One of said refused instructions covered nearly three full printed pages, while others so refused covered each two full printed pages. Instructions of such extreme length, in a case like that before us, are more likely to mislead and confuse a jury than to aid them in understanding the law governing the case.

There is no prejudicial error in this record and the judgment is affirmed.

*Affirmed.*