Edward Hoffman, Appellee, v. Chicago Wood & Coal Company, Appellant.

Gen. No. 15,486.

1. MASTER AND SERVANT—*what not assumed risk.* A servant injured while endeavoring to obtain cement from a small pile of bags provided for his use, by the falling upon him of a bag of cement from another pile, will not be barred of a recovery by the doctrine of assumed risk.

2. INSTRUCTIONS—*when upon assumed risk cured.* If an instruction upon this subject is lacking in a particular element it is cured if that element is supplied by other instructions given.

3. APPEALS AND ERRORS—*when assignments waived.* If the arguments do not point out specifically wherein the error lies, the assignment of error is waived.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon WILLARD M. McEWEN, Judge, presiding. Heard in this court at the March term, 1909. Affirmed. Opinion filed May 31, 1911. Certiorari denied by Supreme Court (making opinion final).

MATHER & HUTSON, for appellant; ELDRIDGE & ROSE, of counsel.

W. A. FLANEGAN and JOHN J. COBURN, for appellee; MUNSON T. CASE, of counsel.

MR. JUSTICE BALDWIN delivered the opinion of the court. This action was originally brought by appellee in the Superior Court of Cook county to recover damages for personal injuries claimed to have been sustained by him on account of the alleged negligence of the defendant. Two jury trials have been had, on the first of which the jury failed to agree, and upon the second, the jury found the verdict for the plaintiff for the sum of $5,500. Judgment was entered upon the verdict, and appellant seeks a reversal here, contending that the court below erred in not granting its motion for a new trial, and that the verdict is against the evidence; also that the court below erred in giving plaintiff's fourth instruction, and in refusing to give others asked by appellant.

Appellant contends that, even though all that plaintiff and his witnesses testified to be admitted, yet plaintiff is not entitled to recover, because his injuries resulted from one of the assumed risks of his employment; that the risk was one known to him, or one which he was conclusively bound to know, and, accordingly, that there was no question of fact for the jury, but a question of law for the court as to the as-

sumed risk, which was raised by its motion in the trial court
for a directed verdict in its favor.

The defendant company is in the business of retailing coal
and wood from its yards in Chicago, and to better facilitate
its business, was laying a cement floor in the yard. Instead
of letting the work to a cement contractor, defendant under-
took to do the work itself by employing cement workers and
laborers, and also one Mudro, a sidewalk contractor, to super-
intend the cement workers. The work was superintended in
fact by Mr. Oesterreicher, president, and Mr. Moller, secre-
tary and treasurer of the defendant company, neither of
whom had any previous experience in this kind of work. At
noon of the day before the accident they were obliged to lay
off the men doing the cement work, because the supply of
cement was exhausted. Some time between then and the fol-
lowing morning a carload of cement, containing six hundred
bags of one hundred pounds each, was received on the com-
pany's side track, and unloaded in a shed alongside the track.
The cement was unloaded and piled in the shed by so-called
"coal men," inexperienced in such work. The cement in
bags was corded or piled, making a pile from six to nine feet
in height, and when the pile was completed, it was wholly
covered by having thrown over it three pieces of canvas.

Appellee introduced testimony tending to show that, a
short distance from the "big pile" of cement, there was a
"small pile," from which he was procuring cement for his
use in the work outside of the building. During the fore-
noon, appellee had carried to his mixing box, some forty feet
distant, a sufficient supply of cement to last him during the
forenoon, and he claims that it was during the interval after
he thus carried out the cement, and before his going in to
get more in the afternoon, that the "coal men" finished un-
loading the car of cement and covered the pile with the pieces
of canvas. Appellee claims that during the whole forenoon he
had no occasion to, and did not, observe the method in which
the sacks were being piled, and that, when, shortly after 12
o'clock, he went to get a new supply, the large pile was al-
ready entirely covered with the canvas, so that, without re-

moving it, the alleged defective piling of the sacks could not be seen.   Early in the afternoon, when he was attempting to get more cement for use in his mixing box, a number of bags of cement in the east tier of the "big pile" fell over, carrying with them one of the canvas covers.   These fell upon appellee, knocking him down and causing severe and permanent injuries, for which, if defendant was liable, the amount of the verdict was not excessive.

The declaration contained two counts, the first framed upon the theory the appellant had not furnished appellee a reasonably safe place in which to work, while the second count more specifically alleged the duty of appellant to keep the pile of bags of cement in such condition that they would not tilt or fall upon appellee while working by or near them, and alleging that they were improperly piled, and were covered with canvas so that the manner of piling was not observable; (that by reason of the negligence of appellant, by its then servants, who were not fellow-servants of the appellee, in causing to be piled a large number of bags of cement in a defective manner, a large number of said bags fell upon appellee, on account of which he sustained divers injuries.)

Appellant conceded that at least four witnesses testified specifically to the fact that there was a "little pile" of bags of cement from which appellee was bringing cement upon his wheelbarrow at the time he was injured by the falling of a part of the "big pile;" but appellant says that such testimony was contradicted by seven witnesses, and is in itself inherently improbable; that the purpose of the testimony as to the "little pile" was to give some plausable explanation of the situation sufficient to relieve appellee from his own carelessness; and that, in fact, the accident occurred by reason of appellee's negligence by attempting to pull out some bags of cement from the lower part of the "big pile," thereby pulling the cement bags with the canvas covering over upon him.

No one actually saw the accident.   Plaintiff testifies that he had not attempted to procure any cement from the large pile, nor in any manner touch it, and that while he was engaged in loading some sacks from the "little pile" upon his

wheelbarrow, the large pile, situated two or three feet distant, without warning of any sort, slipped over, and with the canvas covering, fell upon him, totally covering him.

We have carefully gone over the testimony in the case and have reached the conclusion that the court did not err in refusing to take the case from the jury on the motion of the defendant, nor are we able to say that the verdict was manifestly against the weight of the evidence. The fact of the injury was clearly established. The testimony as to its cause was conflicting. In a case of this character, much depends upon the intelligence and evident fairness exhibited by the witnesses. The trial court and the jury had the advantage of observing them as the testimony was given, and we do not find any such preponderance in the evidence in favor of the appellant, as would justify us in setting aside the verdict.

Complaint is made that appellee was not, when injured, in the exercise of due care for his own safety. This was clearly a question of fact for the jury. By their verdict they found that he was, and we cannot say that the evidence does not sustain the finding.

Appellant complains of the fourth instruction given for appellee. This instruction reads as follows:

"The jury are instructed that where an employment is attended with danger, a servant engaging in it assumes the hazard of ordinary perils which are incident to such employment, and if he receives an injury from an accident which is an ordinary peril of the service undertaken by him he cannot recover damages for the injury; but this applies only to perils or risks ordinarily incident to the service, and not to those which are extraordinary and which did not exist at the time the servant engaged in the master's business, and which the servant did not subsequently assume, or have notice of."

It is claimed that this instruction is erroneous, because it does not define for the jury what constitutes an assumed risk, and because it omits an essential clause which should

have been added to the instruction, viz: "or which he might have known in the exercise of due care."

If this instruction is lacking in accuracy, the first instruction given at the request of defendant seems to remove the cause of complaint, for it states that, in order for the plaintiff to recover, he must prove three propositions, namely:

"First. That there existed some defect in the construction of the pile of cement alleged to have fallen upon him on or about November 10, 1906.

Second: That defendant, in the exercise of ordinary care, would have had knowledge of such defect, and,

Third. That the plaintiff did not know of such defect, and did not have equal opportunities with the defendant of knowing of such defect.

And unless the jury find *all three* of the above propositions to be sustained by a preponderance of the evidence, they should find the defendant not guilty."

However, an instruction almost identical in language was sustained by the Supreme Court in Libby, McNeill & Libby v. Sherman, 146 Ill. 540.

Appellant suggests that the court below erred in not giving certain instructions requested by it. Counsel in their brief say:

"We think the court erred in refusing to give the jury on trial of this cause in its behalf instructions marked 25 to 31 inclusive. They contain, as we think, correct statements of defendant's theories of its case, and should have been given and read to the jury."

Counsel for appellant nowhere point out the particulars in which the court erred in refusing these instructions, and, therefore, their correctness is not properly before us for consideration. "It is well settled that objections not relied on in argument must be deemed waived." Omensky v. Gieske, 125 Ill. App. 77. "It is not enough for counsel to say in his brief that the court erred in giving a specific instruction, etc.; * * * but he should show how or in what way the

particular ruling of the court was erroneous." City of Chicago v. Spoor, 91 Ill. App. 472.

At the trial the court below gave to the jury eleven instructions requested by plaintiff (appellee), and thirteen requested by the defendant (appellant), and we think the jury were fairly instructed as to the law of the case.

Finding no reversible error, the judgment will be affirmed.

*Affirmed.*