## Belle Bates, Appellee, v. Danville Street Railway & Light Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Vermilion county; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the April term, 1914. Affirmed. Opinion filed October 16, 1914.

### Statement of the Case.

Action by Belle Bates against the Danville Street Railway & Light Company to recover for personal injuries sustained by plaintiff while riding as a passenger on one of defendant's cars. According to her testimony after she boarded the car and entered the vestibule, it was suddenly started with a jerk causing her to fall backwards and strike the small of her back against the controller box, causing a tearing sensation in her abdomen, resulting in a severe hemorrhage. The trial resulted in a verdict assessing plaintiff's damages at three hundred and fifty dollars. To reverse a judgment entered on the verdict, defendant appeals.

There were two jury trials of the case. At the first trial the jury returned a verdict for plaintiffs and the court set aside the verdict and granted a new trial.

H. M. STEELY and H. M. STEELY, JR., for appellant.

F. L. DRAPER, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 1413*—*when finding of facts by jury will be sustained.* Where the evidence was conflicting and two juries

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

have heard it and found the facts the same way, and there is evidence tending to sustain the findings, the judgment will not be reversed on the facts.

2. DAMAGES, § 244*—*when answer to improper question harmless*. In an action for personal injuries, where plaintiff was asked by her counsel if she was a married woman and had a family, and she answered that she had, before an objection could be interposed, and the answer was stricken out, *held* that though the question and answer were erroneous, their effect was not prejudicial in view of the small amount of the verdict.

3. DAMAGES, § 244*—*when conduct of plaintiff and remarks of counsel not reversible error*. In an action for personal injuries, where plaintiff during the closing arguments of her counsel burst out into a loud fit of crying and was guilty of other conduct tending to arouse the prejudice and passions of the jury, and counsel thereupon stated to the jury, "When that woman's soul dissolves in tears you know that she is telling the truth," which remark was objected to, and the court remarked, "Keep within the evidence," *held* that the conduct of plaintiff and the remarks of counsel did not, under the circumstances, constitute reversible error, as the size of the verdict did not indicate the jury were influenced thereby.