# J. A. Jennings, Plaintiff in Error, v. Estate of George Glover, Defendant in Error.

1. PLEADING, § 321*—*when affidavit denying execution of note will not be stricken from files.* The inclusion in an affidavit by an administrator, denying the execution of the note in question by his intestate, of statements of other defenses not contemplated by Hurd's Rev. St. 1917, ch. 110, sec. 52 (J. & A. ¶ 8589), under which the affidavit was filed, was no reason for striking it from the files.

2. PLEADING, § 304*—*when administrator required to file affidavit denying execution of note.* An administrator not only has the right to file an affidavit denying the execution of the note in question by his intestate, but is required to do so by Hurd's Rev. St. 1917, ch. 110, sec. 52 (J. & A. ¶ 8589) in order to be permitted to deny its execution on the trial.

3. EVIDENCE, § 291*—*what admissible as standards of comparison in proving handwriting.* Under Hurd's Rev. St. 1917, ch. 51, sec. 52 [Call. 1916 Stat. ¶ 5566(1)] making it lawful to prove handwriting by comparison made by witnesses or a jury, not only with writings properly in the files or records of the case admitted in evidence or treated as genuine, but by writings proved to be genuine to the satisfaction of the court, it was not error to permit the introduction in evidence, upon the trial of a claim upon a note against an estate, of a bank signature card used as the accepted signature of the decedent, and checks indorsed by decedent, which had been treated as genuine by all parties interested in them, as standards of comparison.

4. APPEAL AND ERROR, § 1011*—*when statements in brief as to argument of counsel unavailing.* Statements in a brief that statements were made in the argument at the trial to create prejudice against appellant, and that the verdict was procured by theories and arguments of counsel for the defense, were unavailing where the record contained no part of the argument of counsel, nor a single objection thereto.

5. SIGNATURES, § 3*—*when finding on claim against estate on note not disturbed.* In a claim against an estate upon a note claimed to have been executed by the intestate, where the signature was denied, the finding for the estate was not disturbed, where four witnesses acquainted with the signature of decedent testified that the signature of decedent was genuine, and seven, likewise familiar with such signature, and two experts, testified that such signature was not that of decedent.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

6. SIGNATURES, § 3*—when findings on claim against estate on note conclusive. In a claim against an estate upon a note claimed to have been signed by the intestate, but where the signature was disputed, the finding of three juries that the signature was not that of the decedent was accepted as conclusive.

Error to the Circuit Court of Sangamon county; the Hon. NORMAN L. JONES, Judge, presiding. Heard in this court at the April term, 1919. Affirmed. Opinion filed July 9, 1919.

JOHN G. FRIEDMEYER, for plaintiff in error.

SAMPSON & GIFFIN, for defendant in error.

MR. JUSTICE WAGGONER delivered the opinion of the court.

This suit involves a claim filed, March 6, 1917, by J. A. Jennings against the estate of George Glover, deceased, based upon what purports to be a promissory note given by George Glover to J. A. Jennings, for the sum of $1,000 dated May 8, 1916, bearing 6 per cent interest. Prior to a hearing on the claim in the Probate Court, the administrator of the estate filed an affidavit as provided in section 52, ch. 110, Hurd's Rev. St. 1917 (J. & A. ¶ 8589), denying the execution of the note, embodying in such affidavit a denial of a consideration therefor. No real defense was interposed to the allowance of the claim in the Probate Court, and the same was allowed. An appeal was taken to the Circuit Court, and after a third trial in that court this writ of error is being prosecuted from a judgment against J. A. Jennings for cost.

In the brief and argument for plaintiff in error, under the heading of, "Points contended for by claimant in this case for reversal," five points are stated: First. The trial court should have stricken the pleas from the files. Second. The trial court admitted incompetent evidence on behalf of the defendant in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Third. The trial court committed error in refusing to give instructions C, D and E asked by the claimant. Fourth. The evidence of the experts testifying on behalf of the defendant in error, who were not acquainted with the signature of the deceased, should have been excluded on motion of the claimant. Fifth. The verdict of the jury is manifestly against the weight of the evidence and is the result of passion and prejudice.

The record shows that, prior to the trial, a motion was made to strike the affidavit from the files and denied. It is said, by plaintiff in error, that the trial court should have stricken "the pleas" from the files. We take it that he means the affidavit, but nothing is said in support of this contention, other than that the affidavit did not specifically deny the execution of the note. The affidavit states that George Glover, deceased, did not make and deliver the alleged note on which said claim is based. The affidavit contains, in addition to a denial of the execution of the note, statements of other defenses not contemplated by the section of the statute under which the affidavit was made, but that would be no reason for striking it from the files. Defendant in error not only had a right to file an affidavit denying the execution of the note, but was, by the statute, required to do so in order to be permitted to deny on the trial its execution. The motion to strike was properly denied.

The evidence which plaintiff in error claims under the second point was incompetent, was a signature card used as the accepted signature of George Glover by The Farmers National Bank, where he kept an account, and upon which card he had written his name twice, also two checks, one given by George Glover, December 29, 1916, and the other given to and indorsed by him dated December 13, 1916. Both of these checks had been treated as genuine by all parties interested

in them.    One of the checks was drawn upon the Springfield Marine Bank, the other upon The Farmers National Bank, and each check was paid by the bank upon which it was drawn.

A general objection only was made to the admission of these writings.    No specific objection was interposed.    The objections now urged are that they were no part of the transaction or files in the case, to be used by the jury as standards of comparison.    The cases of *Stitzel v. Miller*, 250 Ill. 72, and *Whitaker v. Mastin*, 143 Ill. App. 195, are cited in support of the objections, but each of these cases was tried prior to the enactment of section 52, ch. 51, Hurd's Rev. St. 1917 [Call. 1916 Stat. ¶ 5566(1)], under which it is lawful to prove handwriting by comparison made by witnesses or a jury, not only with writings properly in the files or records of the case admitted in evidence or treated as genuine, but by writings proved to be genuine to the satisfaction of the court.    The genuineness of the signatures of George Glover, appearing on the card and checks, was established by evidence and is not questioned.    Such writings were properly admitted by the court as standards of comparison.

Section 77, ch. 110, Hurd's Rev. St. 1917 (J. & A. ¶ 8614), provides that "if either party may wish to except to the verdict, or for other causes, to move for a new trial  *  *  *  he shall,  *  *  *  file the points in writing, particularly specifying the grounds of such motion."    In the written motion to set aside the verdict in this case, no mention is made of either instruction C, D or E, and the same is true in reference to the errors assigned upon the record.

It is urged that the verdict is against the weight of the evidence, and is the result of passion and prejudice.    There is nothing in the record indicating that the verdict is not the result of fair and impartial deliberation by the jury.    It avails plaintiff in error nothing to say, in his brief, that statements were made

in the argument of the case in the trial court to create prejudice against him, and that the verdict was procured by the theories of argument of counsel for the defense, when the record contains no part of the argument of counsel nor a single objection thereto.

Four witnesses testified on behalf of plaintiff in error, two of whom were officers in one of the banks in which George Glover had a checking account prior to and at the time of his death, one a former employee in decedent's store, and the other witness had had business transactions with decedent, and procured on the trial six checks given him (George Glover) at various times afterwards, indorsed by George Glover, paid by a bank and returned to the witness. These witnesses each testified that they were acquainted with the signature of George Glover from having seen him write, and that the signature on the note in question was his genuine signature.

Seven witnesses, called by defendant in error, each testified they were familiar with the handwriting of George Glover. Three of them were officials in another bank in which decedent kept an account, two were former clerks in his store, and two were persons with whom he had done business. All these witnesses testified that the signature in question was not that of George Glover. Defendant in error also called two witnesses, who qualified as handwriting experts, and submitted to each of them the checks and signature card hereinbefore referred to, together with the note. After a comparison of the signatures to these writings, both experts gave as their opinion that the signature to the note and other writings were not written by the same person.

We have referred to the testimony, given in the trial court, for the purpose of showing that there was a conflict in it, and that it is sufficient to support a verdict for the defendant in error.

The record discloses no errors of law, nor is there

anything indicating that the verdict was the result of passion or prejudice. Three juries have found that the signature to the note, upon which this suit is based, is not that of George Glover, and such finding of that fact should be accepted as conclusive and this litigation ended.

In *Hinchliff v. Rudnik,* 212 Ill. 569 (573), it is said: "Inasmuch as three juries have found the facts the same way, it seems to be eminently proper that there should be an end of the controversy so far as the facts are concerned. *Parmly v. Farrar,* 204 Ill. 38, and cases cited." In *Mills v. Larrence,* 120 Ill. App. 83 (84), this court said: "Furthermore this case has been thrice tried by a jury. Upon each of the trials the issues of fact involved were practically the same, and the evidence adduced was substantially similar. In each instance the jury has found the issues of fact for the plaintiff, and the trial court has approved the verdict returned. As is said by the Supreme Court in *Silsbe v. Lucas,* 53 Ill. 479: 'It would seem to be eminently proper, where three juries have found the facts in the same way, that there should be an end to the controversy as to what the facts are.'

See also, *Parmly v. Farrar,* 204 Ill. 38; *Hinchliff v. Rudnik,* 212 Ill. 574." This court also said in *Bates v. Danville St. Railway & Light Co.,* 190 Ill. App. 486: "It is urged that the verdict is contrary to the evidence. Two juries have passed upon the facts of this case, each finding in favor of appellee. After the first trial, the court set aside the verdict and granted a new trial. While the evidence is conflicting, two juries have heard it, and where several juries have found the facts the same way and there is evidence in the record tending to sustain their verdicts, the judgment will not be reversed upon the facts. *Parmly v. Farrar,* 204 Ill. 38."

*Judgment affirmed.*